```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
                  COLUMBIA DIVISION

MORRIS GABRIEL,                )
                               )
     Plaintiff,                )
                               )
v.                             )    No. 1:13-cv-00073
                               )    Senior Judge Haynes/Bryant
SHERIFF ENOCH GEORGE, in his   )    Jury Demand
individual and official        )
capacity                       )
                               )
     Defendant.                )
```

**TO: The Honorable William J. Haynes, Jr., Senior District Judge**

## REPORT AND RECOMMENDATION

Defendant Sheriff Enoch George has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket Entry No. 37). Plaintiff has not responded in opposition.

This motion has been referred to the undersigned Magistrate Judge for report and recommendation ("R&R"). (Docket Entry No. 33).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the defendant's motion for summary judgment be **GRANTED;** that the complaint be **DISMISSED WITH PREJUDICE;** and that all other pending motions (Docket Entries 30, 32, and 36) be **TERMINATED AS MOOT.**

**Statement of the Case**

While confined at Maury County Jail in Columbia Tennessee, the plaintiff, proceeding pro se and in forma pauperis, filed his complaint (Docket Entry No. 1) on July 15, 2013, in which he alleges Eighth Amendment violations pursuant to 42 U.S.C. § 1983.

Plaintiff makes four separate claims regarding: (1) medical care, (2) inadequate food, (3) lack of recreation, and (4) inadequate and unsanitary housing.

In plaintiff's first claim, he alleges that medical care at Maury County Jail is poor. (Docket Entry No. 1, p. 5). Specifically, plaintiff complains that he was not receiving help from the nurse and that he was unhappy with the medication he was receiving. (Plaintiff's Deposition, Docket Entry No. 38-1, pp. 29-33). When plaintiff was booked at the jail, he told an officer that he was to see a specialist regarding an issue with his eye. (Id. at pp. 23-24). Plaintiff admits that he never told defendant George about his medical needs and that he could not be sure that defendant ever knew anything about his eye problems. (Id. at p. 27). Furthermore, plaintiff did receive medication while at the jail and while he was unhappy with the medication the nurses gave him, he admits that he was never injured by it. (Id. at pp. 30-32).

Plaintiff further claims that the jail provides inadequate food, that it is always cold, and that "you lose weight at a rapid speed when in this jail". (Docket Entry No. 1, p.5). Plaintiff was never listed as underweight by CDC standards, never sought medical treatment

for weight loss, was never injured by any weight loss, and admits that to his knowledge defendant never did anything personally to prevent plaintiff from getting enough food. (Docket Entry No. 38-1, pp. 49, 53-54). In fact, plaintiff admits that he actually gained weight while at the jail. (Id. at p. 53).

Thirdly, plaintiff claims that inmates do not get the right amount of recreation, they have to wear dirty clothes after recreation, and they have nothing to drink out of during recreation. (Docket Entry No. 1, p. 5). Plaintiff admits that he never complained to defendant personally about the lack of recreation. (Docket Entry No. 38-1, p. 57). Furthermore, plaintiff was never denied an opportunity to do exercise such as pushups or other physical exercises and he was not injured by a lack of recreation. (Id. at p. 55).

Lastly, plaintiff claims that there is unsanitary black mold in showers, toilets, and some mats at the jail and that inmates only get cleaning supplies one time a day. (Docket Entry No. 1, p. 5). Plaintiff, however, admits that he does not know of any injury caused by these conditions and that he never sought medical treatment for any issues related to these conditions. (Docket Entry No. 38-1, pp. 55, 57). Plaintiff, moreover, admits that he never complained to defendant about the mold and does not know if defendant ever personally condoned or encouraged someone to keep plaintiff in unsanitary conditions. (Id. at pp. 57-58).

Plaintiff seeks monetary relief of $10,000 for each of the four claims. (Docket Entry No. 1, p. 5).

Plaintiff brings claims against defendant Sheriff Enoch George in both his individual and official capacity, and states that the basis for holding defendant liable is because "he was over the jail." (Docket Entry No. 38-1, pp. 59-60).

**Conclusions of Law**

Defendant's Motion for Summary Judgment.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant moves the Court for summary judgment on the plaintiff's claims. The defendant argues that no genuine issue of material fact exists such as to preclude the Court from finding for defendant as a matter of law. Defendant seeks summary judgment on the following legal grounds: first, that defendant is entitled to summary judgment in his official capacity on plaintiff's § 1983 claims because plaintiff failed to plead that an unconstitutional policy, practice, or custom caused any of the harm alleged; and second, that defendant is entitled to summary judgment in his individual capacity and official capacity on plaintiff's § 1983 claim (based on violations of the Eighth Amendment) because he is immune from suit on the basis of qualified immunity.

Plaintiff has not responded to defendant's motion for summary judgment. Pursuant to Local Rule 56.01(g), plaintiff's failure to respond to defendant's statement of material facts (which relies heavily on plaintiff's deposition) indicates that the asserted facts are not disputed for purposes of summary judgment.

Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be rendered if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Importantly, a district court cannot grant summary judgment in favor of the movant simply because the other party has not responded. F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 629-30 (6th Cir. 2014); see also Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir. 1991). The court is required to examine the movant's motion for summary judgment to ensure that he has discharged his initial burden of demonstrating the absence of a genuine issue as to material fact. Id. Furthermore, while a pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), those liberal standards do not apply to the consideration of substantive law and evidence once the case has reached the summary judgment phase. Johnson v. Stewart, 2010 WL 8738105, at *3 (7th Cir. May 5, 2010)(citing, e.g., Tucker v. Union of Needletrades, Industrial and Textile Employees, 407 F.3d 784, 788 (2005)).

## **Analysis**

Plaintiff's § 1983 Claims

Title 42, § 1983 of the United States Codes states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

5

> rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Under § 1983, a claimant must show "(1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law." Street v. Corrections Corp. of America, 102 F.3d 810, 814 (6th Cir. 1996) (quoting Simescu v. Emmet County Dept. of Social Services, 942 F.2d 372, 374 (6th Cir. 1991)). Here, plaintiff alleges that the defendant deprived plaintiff of his rights under the Eighth Amendment. There is no challenge to the state actor prong.

Official Capacity Action

Plaintiff brings claims against defendant in his official capacity. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent. United Pet Supply, Inc. v. City of Chattanooga, Tenn., 768 F.3d 464, 483 (6th Cir. 2014) (quoting Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, the plaintiff's claims against defendant in his official capacity are claims against Maury County, Tennessee. It is well established that municipalities and other local governmental entities are considered "persons" to whom § 1983 applies. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 (1978). However, in order to hold the governmental entity liable under § 1983, plaintiff must establish that the entity's "policy or custom" played a part in the alleged violation of federal law.

6

Kentucky v. Graham, 473 U.S. 159, 166 (1985)(quoting Monell, supra at 694).

As pointed out by the defendant, plaintiff has neither alleged nor submitted evidence to establish an unconstitutional policy or custom. Therefore, plaintiff's official capacity claim cannot proceed. Summary judgment should be **GRANTED.**

Individual Capacity Action

Plaintiff alleges that defendant individually deprived plaintiff of his Eighth Amendment rights. Defendant's summary judgment motion raises the affirmative defense of qualified immunity to the claims for money damages asserted against him, based on plaintiff's asserted failure to establish any violation of his Eighth Amendment rights.[1] A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is objectively "sufficiently serious" and (2) the prison official's state of mind is one of "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong is met when the plaintiff shows that he is "incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective prong is met when the plaintiff alleges facts which show that the official knows of and disregards an excessive risk to inmate health or safety.  Id. at 837. Most

---

[1] "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (quotations omitted). The second prong is not contested. Defendant's individual liability thus depends upon whether plaintiff has established a triable issue of any constitutional violation.

7

importantly, the Supreme Court has held that the "Eighth Amendment does not outlaw cruel and unusual conditions; it outlaws cruel and unusual punishments." Id. (internal quotations omitted). A prison official's duty under the Eighth Amendment is to ensure reasonable health and safety. Id. at 844. Ultimately, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotations omitted).

A. Claim 1: Medical Care

Plaintiff claims that the medical care at Maury County Jail is poor. (Docket Entry No. 1). Courts have held that under the Eighth Amendment, prisoners have a limited constitutional right to medical care. Estelle v. Gamble, 429 U.S. 97, 103 (1976). That right is violated only when prison officials are deliberately indifferent to the prisoner's serious medical needs. Id. at 106.

Here, plaintiff's first claim is with regards to medical needs. When plaintiff was booked at the jail, he told the booking officer that he was to see a specialist regarding an issue with his eye. (Docket Entry No. 38-1, pp. 23-24). Plaintiff admits that he never told defendant George about his medical needs and that to his knowledge, defendant never knew anything about his eye problems. (Id. at p. 27). Furthermore, plaintiff did receive medication while at the jail and while he was unhappy with the medication, he admits that he was never injured by it. (Id. at pp. 30-32). Therefore, with regards

8

to plaintiff's medical claims, neither the subjective element nor the objective element necessary for making out an Eighth Amendment claim are present because plaintiff was receiving medication and was unharmed by his conditions or this medical treatment. Thus, defendant was not deliberately indifferent to any serious medical need.

B. Claim 2: Inadequate Food/Weight

Plaintiff complains that his food is cold and in short supply. (Docket Entry No. 1, p. 5). Courts have held that inmates must be provided nutritionally adequate food that has been "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)). Inmate complaints about preparation or quality of prison food have generally been held as "far removed from Eighth Amendment concerns." Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977). "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to state an Eighth Amendment claim under § 1983, plaintiff must establish both the objective element of a sufficiently serious deprivation and the subjective element that the official acted with deliberate indifference.

Plaintiff's inadequate food/weight claims fail to establish that his Eighth Amendment rights were violated inasmuch as he was never listed as underweight, never sought medical treatment for weight loss,

9

was never injured by any weight loss, and admits that to his knowledge defendant never did anything personally to prevent plaintiff from getting enough food. (Docket Entry No. 38-1, pp. 49, 53-54). In fact, plaintiff admits that he actually gained weight while at the jail. (Id. at p. 53). Furthermore, plaintiff does not allege facts showing that the food he received was nutritionally inadequate simply because it was cold. Therefore, plaintiff fails to establish either element of his Eighth Amendment claim under § 1983 because there was no serious deprivation, and defendant was not deliberately indifferent because he did not know of and disregard a risk to plaintiff's health or safety.

C. Claim 3: Lack of Recreation

Plaintiff claims that inmates do not get the right amount of recreation, they have to wear dirty clothes after recreation, and they have nothing to drink out of during recreation. (Docket Entry No. 1, p. 5). Courts have refused to adopt a per se rule that deprivation of outdoor exercise is a violation of the Eighth Amendment and have instead stated only that some form of regular outdoor exercise is important for inmates' well being. Walker v. Mintzes, 771 F.2d 920, 927-28 (6th Cir. 1985). Courts have outlined a number of factors to be considered when determining if the denial of exercise rises to the level of an Eighth Amendment violation. Such factors include physical or psychological injuries resulting from a lack of exercise, whether the size of the jail cell inhibits the ability to exercise, and the justifications for denial of the right to exercise outside the cell, among many others. Rodgers v. Jabe, 43 F.3d 1082, 1086 (6th Cir. 1995)

(quoting Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983)). As stated in Farmer, the Eighth Amendment imposes duties on officials to "provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). To hold defendant liable, plaintiff must show both that the deprivation is sufficiently serious and that the prison official was deliberately indifferent to the inmate's health or safety.

Plaintiff's recreation-based claims fail to establish a sufficiently serious deprivation. Plaintiff admits that he never complained to defendant personally about the lack of recreation. (Docket Entry No. 38-1, p. 57). Furthermore, plaintiff was never denied an opportunity to do exercise such as pushups or other physical exercises and he was not injured by a lack of recreation. (Id. at p. 55).

With regards to plaintiff's claim that inmates are not given anything to drink out of during recreation, courts have held that a near-total deprivation of drinking water for three days or more would violate the Eighth Amendment. Dellis v. Corrections Corp. of America, 257 F.3d 508, 512 (6th Cir. 2001). However, plaintiff has not alleged or testified that he was deprived of drinking water for a period of days. Instead, plaintiff simply asserts that inmates are not given anything to drink water out of during recreation. (Docket Entry No. 1, p. 5). Furthermore, plaintiff has not claimed that he was harmed by this or that defendant had knowledge of this fact.

Plaintiff also claims that he had to wear dirty clothes after recreation. (Docket Entry No. 1, p.5). As established in Farmer, the Eighth Amendment only imposes a duty of adequate clothing for the inmate, not necessarily the clothing the inmate might prefer to wear. Farmer v. Brennan, 511 U.S. 825, 832 (1994). As such, the undersigned finds that the plaintiff has not made out either prong of an Eighth Amendment claim under § 1983 concerning his recreation needs.

D. Claim 4: Inadequate and Unsanitary Housing

The Supreme Court has held that the Constitution "does not mandate comfortable prisons and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quotations omitted).

Plaintiff alleges that there is black mold on the shower walls, toilets, and on some mats. (Docket Entry No. 1, p. 5; Docket Entry No. 38-1, p. 55). However, plaintiff admits that he does not know if he was injured by these alleged conditions, and that he never sought medical treatment related to the mold he claims is present in the jail. (Docket Entry No. 38-1, p. 57). Plaintiff, moreover, admits that he never complained to defendant about the mold and does not know if defendant ever personally condoned or encouraged someone to keep plaintiff in unsanitary conditions. (Id. at pp. 57-58). Therefore, plaintiff fails to make out either element necessary for his § 1983 Eighth Amendment claim concerning unsanitary conditions.

In sum, for the above mentioned reasons, plaintiff has failed to show that the defendant violated his Eighth Amendment right to be free from "cruel and unusual punishments." Therefore, defendant is entitled to summary judgment on all claims.

## RECOMMENDATION

In light of the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the defendant's motion for summary judgment be **GRANTED;** that the complaint be **DISMISSED WITH PREJUDICE;** and that all other pending motions (Docket Entries 30, 32, and 36) be **TERMINATED AS MOOT.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this R&R in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed to this R&R in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this R&R can constitute a waiver of further appeal of this R&R. Thomas v. Arn, 474 U.S. 140 (1985).

**ENTERED** this 9th day of June 2016.

s/ John S. Bryant_____
JOHN S. BRYANT
United States Magistrate Judge